**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ANTHONY PHAM AND** | § | |
| **KHAHN PHAM** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | **CIVIL ACTION NO.** |
| VS. | § | _____ |
| | § | |
| **ALLSTATE FIRE AND CASUALTY** | § | |
| **INSURANCE COMPANY** | § | |
| **AND DARREN MORGAN** | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S
NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. Sections 1441 and 1446, Defendant Allstate Fire and Casualty Insurance Company (Allstate) in Cause No. 342-280607-15, pending in the 342nd Judicial District Court of Tarrant County, Texas, files this Notice of Removal from that court to the United States District Court for the Northern District of Texas, Fort Worth Division, on the basis of diversity subject matter jurisdiction and respectfully shows:

**I.
FACTUAL BACKGROUND**

1.1   This lawsuit arises from a disputed insurance claim between Anthony Pham and Khanh Pham (collectively, "Plaintiffs") and their insurance company, Allstate. Plaintiffs made a claim with Allstate for wind and hail damage to their residential property in Grand Prairie, Texas, following a storm in May 2015.

1.2     Allstate assigned Defendant Darren Morgan (Morgan) as the adjuster on the claim. Morgan inspected the Plaintiffs' property on July 7, 2015. Morgan found no evidence of wind damage to the roof. But he did find small hail damage to the perimeter fence. Still, the damages were below the Plaintiffs' homeowner's policy deductible so no payment was made on the claim.

1.3     On August 26, 2015, Plaintiffs filed their Original Petition in the matter styled *Anthony Pham and Khahn Pham v. Allstate Fire and Casualty Insurance Company and Darren Morgan*, Cause No. 342-280607-15, in the 342nd Judicial District Court of Tarrant County, Texas, in which Plaintiffs generally allege that Morgan improperly adjusted Plaintiffs' claim. They further allege that Morgan made misrepresentations to both Plaintiffs and Allstate regarding, amongst other things, the scope of damage and repairs.

1.4     Additionally, Plaintiffs allege that Defendants violated various provisions of the Texas Insurance Code and Texas Deceptive Trade Practices Act; yet, Plaintiffs failed to provide Defendants with the statutorily mandated notice of its claim 60 days prior to filing suit. Rather, Plaintiffs sent a letter to Defendants on August 17, 2015, which was only nine days prior to filing suit.

1.5     Plaintiff served the registered agent for Allstate with the citation and Plaintiff's Original Petition on August 31, 2015.

1.6     According to the Tarrant County docket sheet, Plaintiffs attempted service of process on Morgan by certified mail addressed to Darren Morgan, 1314 James C Road, Weatherford, TX 76085. But it does not appear that Morgan has been served with process in this matter at this time.

1.7    Defendant Allstate files this Notice of Removal within the thirty-day time period required by 28 U. S. C. Section 1446(b).  In addition, this Notice of Removal is being filed within one year of the commencement of this action.

1.8    All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a).  A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiff.

1.9    As required by 28 U.S.C. § 1446(a) and LR 81.1 of the Northern District of Texas Local Rules, attached hereto as *Exhibit A* is the Index of State Court Documents.  A copy of the Tarrant County District Clerk's file for this case is attached as *Exhibit B*.  Plaintiffs' Original Petition is attached as *Exhibit C*. The citation with executed Officer's return showing service of citation and Plaintiffs' Original Petition on Defendant Allstate Fire and Casualty Insurance Company on August 31, 2015, is attached as *Exhibit D*.   And Defendant Allstate's Original Answer is attached as *Exhibit E*.

1.10   As required by LR 81.1(4)(D), LR 3.1(c) and LR 3.2(e) attached hereto is the Certificate of Interested Persons.

## II.
## BASIS FOR REMOVAL

2.1    Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

### A.    THE PROPER PARTIES ARE DIVERSE

2.2    Upon information and belief, and as plead in their Original Petition, Plaintiffs Anthony Pham and Khanh Pham are, and were at the time the lawsuit was filed, residents and citizens of the State of Texas. *See* Plaintiffs' Original Petition at p.1.

2.3     Defendant Allstate is an Illinois corporation with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes. Accordingly, Allstate is of diverse citizenship to Plaintiffs.

2.4     Upon information and belief, Defendant Morgan is, and was at the time the lawsuit was filed, a resident and citizen of the State of Texas. It is Allstate's position, however, that Morgan has been improperly joined in this action and therefore his Texas citizenship should be disregarded.

### B.     MORGAN WAS IMPROPERLY JOINED AND SHOULD BE DISMISSED

2.5     The improper joinder doctrine is an exception to the rule of complete diversity. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir.2005)). "[T]he purpose underlying the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined." *Id.* If a court finds an improperly joined defendant, then it will ignore the improperly joined defendant's citizenship during its diversity jurisdiction analysis. *Prime Income Asset Mgmt. Co. v. Waters Edge Living LLC*, No. CIV.A. 3:07-CV-0102D, 2007 WL 2229050, at *2 (N.D. Tex. Aug. 3, 2007). Thus, "the focus of the [improper joinder] inquiry must be on the joinder, not on the merits of the plaintiff's case." *Cuevas*, 648 F.3d at 249.

#### 1.     THE RELEVANT LEGAL STANDARD FOR EVALUATING IMPROPER JOINDER

2.6     The removing party bears the burden of demonstrating improper joinder. *See id.* (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.1999)). The Fifth Circuit has explained that a removing party can establish improper joinder by demonstrating either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385

F.3d 568, 573 (5th Cir.2004) (en banc).[1] Under the second method, the test is whether the defendant has demonstrated that "there is no reasonable basis for the district court to predict that the plaintiff might be able to *recover* against an in-state defendant." *Cuevas*, 648 F.3d. at 249 (quoting *Smallwood*, 385 F.3d. at 573) (emphasis added). In order to determine whether a plaintiff has a reasonable basis of recovery against the non-diverse defendant, the court may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[2] *Smallwood*, 385 F.3d at 573.

2.7 There has been conflicting authority regarding whether courts should apply the Texas *fair notice* standard or the federal standard when making this Rule 12(b)(6)-type analysis. *See Plascencia v. State Farm Lloyds*, NO. 4:14-CV524-A, 2014 U.S. Dist. LEXIS 135081, at *8 (N.D. Tex. Sept. 25, 2014) (McBryde, J.). But multiple courts in the United States District Court for the Northern District of Texas, Fort Worth Division, have recently concluded that this issue has been resolved due to the Texas Supreme Court's adoption in 2013 of Rule 91a, which provides:

> [A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

TEX. R. CIV. P. 91a.1; *see Plascencia*, 2014 U.S. Dist. LEXIS 135081, at * 7–10; *Bernal v. State Farm Lloyds*, No. 4:15-cv-282-Y, at 3–5 (order denying motion to remand) (Means, J.). So

---

[1] In the present matter, Allstate contends Plaintiffs are unable to establish a cause of action against the non-diverse party in state court.
[2] Alternatively, the district court may "pierce the pleadings and conduct a summary inquiry," which is a very limited method. *See Smallwood*, 385 F.3d. at 573.

"Texas now has a failure-to-state-a-claim rule that is substantially the same as the federal rule that is predicated on the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure, as that rule was interpreted and applied by the Supreme Court in *Bell Atlantic Corp. V. Twombly*, 550 U.S. 554 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)." *Plascencia*, 2014 U.S. Dist. LEXIS 135081, at *9; *Craig Penfold Properties, Inc. v. Travelers Cas. Ins. Co.*, No. 3:14-CV-326-L, 2014 WL 4055356, at *4 (N.D. Tex. Aug. 14, 2014) (concluding that "[t]his new rule now allows a state court to do what a federal court is allowed to do under Federal Rule of Civil Procedure 12(b)(6)"); *Bart Turner & Assoc. v. Krenke,* No. 3:13-cv-2921-L, 2014 WL 1315896 (N.D. Tex. Mar. 31, 2014) (finding *fair notice* must now be judged in the context of Rule 91a); *Sazy v. Depuy Spine, LLC*, No. 3:13-CV-4379-L, 2014 WL 4652839, at *4 (N.D. Tex. Sept. 18, 2014); *Lopez-Welch v. State Farm Lloyds*, No. 3:14-CV-2416-L, 2014 WL 5502277, at *5 (N.D. Tex. Oct. 31, 2014) (applying the Texas *fair notice* standard to the allegations of plaintiff's petition and examining it in the context of Rules 91a, which the court found "allows a state court to do what a federal court is allowed to do under . . . 12(b)(6)"); *see also Oldham v. Nationwide Ins. Co. of Am.*, No. 3:14-CV-575-B, 2014 WL 3855238, at *5 (N.D. Tex. Aug. 5, 2014) ("The only Texas court to comment—an appeals court—would incorporate almost all federal 12(b)(6) jurisprudence into the new [91a] rule") (citing *GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754–55 (Tex. App.—Beaumont 2014, pet. filed) (finding case law interpreting Federal Rule 12(b)(6) "instructive" and reciting at length, then applying, the federal pleading standard in conjunction with Texas Rule 91a)).

2.8     Since the Texas *fair notice* standard has been brought in line with the federal pleading standard, the Court may look to case law applicable to the federal standard.[3] Under

---

[3] *See supra Oldham v. Nationwide Ins. Co. of Am.* cited above for proposition that few Texas state courts have opined on Rule 91a.

Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED R. CIV. P. 8(a)(2). The purpose is to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. V. Twombly*, 550 U.S. 554, 555 (2007) (internal quotation marks and ellipsis omitted). And the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 547. Yet the Court need not credit naked conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 570. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). And "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")). "When the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then the claim has facial plausibility. *Iqbal*, 556 U.S. at 663.

### 2. MORGAN IS IMPROPERLY JOINED BECAUSE THE ALLEGATIONS OF WRONGDOING ARE INSUFFICIENT TO STATE A CLAIM AGAINST HIM

2.9 Under Texas law, individual adjusters may be sued by an insured for violations of the Texas Insurance Code. *See* TEX. INS. CODE § 541.002(2) (defining *person* to include *adjuster*); *see also Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 544 (5th Cir. 2004) (acknowledging the Texas Supreme Court's holding that "an insurance company employee who in the course of his employment engages in the business of insurance is a 'person' whose conduct is regulated by [the Texas Insurance Code] and who is subject to liability thereunder for his violations thereof.) Still, the insured must be able to establish that the possibility of recovery

against the adjuster is "*reasonable*, not merely theoretical." *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (explaining the fraudulent joinder standard).

2.10   Here, as explained below, Plaintiffs conclusory allegations against Morgan are—at best—mere theoretical possibilities of recovery. At their core, these allegations are nothing more than Plaintiffs' attempt to avoid removal of the case from state court to federal court. And they are not a reasonable basis for predicting that state law would allow recovery. Therefore, these conclusory allegations do not prevent a finding of improper joinder.

### a.   LUMPING ALLSTATE AND MORGAN TOGETHER DOES NOT SATISFY THE REQUIREMENT TO STATE SPECIFIC ACTIONABLE CONDUCT AGAINST MORGAN

2.11   Multiple federal and state courts in Texas have held that grouping defendants together does not set forth *specific actionable conduct* to support a claim against the non-diverse defendant:

> Merely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant. Merely asserting a laundry list of statutory violations without factual support as to how a non-diverse defendant violated the statute will not suffice.

*Studer v. State Farm Lloyds*, No. 4:13CV413, 2014 WL 234352, at *4 (E.D. Tex. Jan. 21, 2014) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694 (5th Cir. 1999)); *see also Plascencia v. State Farm Lloyds*, NO. 4:14-CV524-A, 2014 U.S. Dist. LEXIS 135081, at *13–14 (N.D. Tex. Sept. 25, 2014) (disregarding the Plaintiff's repeated references to defendants and only analyzing those allegations that specifically name the non-diverse defendant).

2.12     Here, Plaintiffs' Original Petition names Morgan as a defendant, but their continual reference in the petition to *Defendants* is too broad to give proper notice to Morgan of any plausible cause of action against him.[4]   For example, Plaintiffs allege that Defendants "violated Section 542 by failing to pay Plaintiffs' claim within the applicable statutory period." *See* Exhibit C at p. 8.  But Morgan, as an adjuster, had no claim-payment obligation.  Thus, such a failure to pay Plaintiffs' claim does not raise a reasonable possibility to recover against Morgan under the Texas Insurance Code.  Additionally, under Plaintiffs' alleged aiding and abetting theory of liability section, the repeated use of *Defendant(s)* without factual support regarding which defendant was the primary actor cannot create liability against Morgan.

2.13     Again, lumping allegations against Allstate and Morgan is inadequate to give Morgan fair notice of what the claims are and the grounds upon which they rest. Morgan as well as the Court can only speculate about whether the Plaintiffs intended to refer to Morgan along with Allstate in each of those conclusory allegations. And speculation is not enough to establish a reasonable basis for predicting that state law would allow recovery. Therefore, Plaintiffs allegations against Morgan are not sufficient to prevent a finding of improper joinder, and thus, Morgan should be dismissed.

        **b.**     **PLAINTIFFS' CONCLUSORY ALLEGATIONS LACK THE FACTUAL SPECIFICITY TO SUPPORT ANY INFERENCE THAT PLAINTIFFS INTENDED TO ACTIVELY PURSUE CLAIMS AGAINST MORGAN**

2.14     In *Plascencia v. State Farm Lloyds*, Judge McBryde found the Plaintiff's use of boilerplate pleadings from multiple state court suits to suggest that the filing law firm was attempting to prevent removal to federal court. *See Plascencia v. State Farm Lloyds*, NO. 4:14-CV524-A, 2014 U.S. Dist. LEXIS 135081, at *16 (N.D. Tex. Sept. 25, 2014).  Judge McBryde

---

[4] Allstate does acknowledge that Plaintiffs' causes of action for negligence, gross negligence, and negligent misrepresentation are raised solely against Morgan, but those allegations will be addressed in the following subsection b.

opinion showcased the exact language from the plaintiff's petition regarding the allegations against the insurance adjuster. *See id.* at * 4–5. He then opined that these allegations were "mere conclusory allegations that lack the factual specificity that would enable the court to infer that plaintiff has a right of relief against [the adjuster] that is plausible . . . [since] no facts are alleged that would plausibly lead to the conclusion that plaintiff suffered any damage by reason of [the adjuster's] conduct . . . ." *Id.* at * 14.

2.15   Here, Plaintiffs' Original Petition only mentions Morgan by name in the allegations found in paragraphs G, H, I, J, and K of the facts section as well as sections I and J in the theories of liability section.  Section G of the facts states:

> Morgan also advised Plaintiffs as to how they could repair their Property so as to prevent further damage to the Plaintiffs' Property. This advice was negligent and false because it turns out Plaintiffs could not properly repair their Property and prevent future damage by following Morgan's advice. Plaintiffs' property has sustained further damages as a result.

*See* Exhibit C at p. 4.  These alleged facts are almost identical to the allegation in section I of the theories of liability section, which states:

> The Defendant Morgan was negligent in giving advice to Plaintiffs as to how they could repair their Property so as to prevent further damage to the Plaintiff's Property. This advice as to how to repair Plaintiffs' Property was negligent because Plaintiffs could not properly repair their Property and prevent further damage by following Morgan's advice. Plaintiffs' Property has sustained further damages as a result.

*See* Exhibit C at p. 17.  But it becomes clear that these two previous quotes are merely boilerplate language—void of factual specificity—when the Court compares them to the

language at issue before Judge McBryde.  In *Plascencia*, the Plaintiff's original petition stated the following in section H of the facts section:

> Gallegos also advised Plaintiff as to how he could repair his Property so as to prevent further damage to the Plaintiff's Property. This advice was negligent and false because it turns out Plaintiff could not properly repair his Property and prevent future damage by following Gallegos's advice. Plaintiff's Property has sustained further damages as a result.

*See* Exhibit F at p. 5.  Not surprisingly, all three sections contain the same conclusory allegations about an adjuster's negligence.  Further, both the Plaintiffs' Original Petition and the *Plascencia* petition use the following language in section H of the facts with only a change in the non-diverse insurance adjuster's name (*i.e.*, Gallegos and Morgan) and the plural and singular forms of *Plaintiff*:

> Defendant [non-diverse insurance adjuster's name] improperly adjusted the Plaintiff['s or s'] claim. Defendant [non-diverse insurance adjuster's name] conducted a substandard inspection, which is evidence in his report, which failed to include many of Plaintiff['s or s'] damages.

*See* Exhibit C at pp. 3–4; Exhibit F at p. 4.  Thus, Plaintiffs' contention that Morgan improperly adjusted the Plaintiffs' claim is nothing more than a boilerplate allegation.

    2.16    Thus—like in *Plascencia*—Plaintiffs have failed to allege facts that would possibly lead to the conclusion that Plaintiffs suffered any damages due to Morgan's conduct. Therefore, Plaintiffs' Original Petition fails to state a claim against Morgan so there is no reasonable basis for the court to predict that Plaintiffs might be able to recover from Morgan.

      **c.**    **PLAINTIFF'S ALLEGATIONS OF FRAUD AND MISREPRESENTATIONS DO NOT COMPLY WITH THE PLEADING REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 9(b)**

    2.17    State-law fraud claims are subject to the heightened pleading requirements of Rule 9(b). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). The Fifth Circuit interprets Rule 9(b) to require "a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (quoting *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir.2002) (internal quotations omitted). Thus, Rule (b) requires at a minimum "that a plaintiff set forth the *who, what, when, where,* and *how* of the alleged fraud." *U.S. ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (emphasis added and internal quotation marks omitted).

    2.18    Here, Plaintiffs failed to satisfy the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure or any other fair notice pleading standing. There was no attempt to set for the *who, what, when, where,* and *how* of the alleged fraud. Rather, Plaintiffs' allegation of fraud against Morgan and Allstate lump the two Defendants together without any specification about what constituted fraud. *See* Exhibit C at p. 13. Further, Plaintiffs alleged that Morgan's misrepresentations were committed with fraud; yet, the petition is void of the particular facts on which that allegation is formed. *See* Exhibit C at p. 17–18. Again, there is no reasonable basis for the court to predict that Plaintiffs might be able to recover from Morgan for these allegations of fraud or misrepresentation. Therefore, Morgan should be dismissed for improper joinder.

### C. THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.

2.19    The amount in controversy requirement for Federal diversity jurisdiction is clearly satisfied in this case as evidenced by Plaintiffs' Original Petition, which states a request for monetary relief over $100,000.00 but not more than $200,000.00.  *See* Exhibit C at p. 19.  This amount clearly exceeds the jurisdictional requirements for subject matter jurisdiction, and demonstrates that the amount in controversy requirement is satisfied.

### III.
### THE REMOVAL IS PROCEDURALLY CORRECT

3.1    Defendant Allstate was served with Plaintiffs' Original Petition and process on August 31, 2015.  Defendant files this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b).  Since Darren Morgan has yet to be served, his consent is not necessary at the time of filing this notice of removal.

3.2    Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

3.3    Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.4    Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.5    Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Tarrant County District Court, promptly after Defendant files this Notice.

## IV.
## DOCUMENTS AND EXHIBITS ACCOMPANYING REMOVAL

4.1     Simultaneously with the filing of this Notice of Removal, attached hereto as Exhibit "A" is an index of all documents filed in the state court action.

4.2     Attached hereto as Exhibit "B" is a copy of the Docket Sheet of the case pending in 48th Judicial District Court of Tarrant County, Texas.

4.3     Attached hereto as Exhibit "C" is a copy of Plaintiff' Original Petition.

4.4     Attached hereto as Exhibit "D" is a copy of the Officer's Return showing service of process on Defendant Allstate Fire and Casualty Insurance Company on August 31, 2015.

4.5     Attached hereto as Exhibit "E" is a copy of Defendant Allstate's Original Answer.

4.6     Attached as Exhibit "F" is a copy of *Plascencia v. State Farm Lloyds*, No. 4:14-CV524-A, 2014 U.S. Dist. LEXIS 135081, at *8 (N.D. Tex. Sept. 25, 2014)

4.7     Attached is a copy of Certificate of Interested Persons.

## V.
## CONCLUSION

5.1     Based upon the foregoing, and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant, Allstate Fire and Casualty Insurance Company hereby remove this case to this court for trial and determination.

Respectfully submitted,

 */s/ Roger D. Higgins*
Roger D. Higgins
State Bar No. 09601500
Vanessa Rosa
State Bar No. 24081769

Thompson, Coe, Cousins & Irons, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone:  (214) 871-8200
Telecopy:  (214) 871-8209
rhiggins@thompsoncoe.com
vrosa@thompsoncoe.com

**ATTORNEY FOR DEFENDANT
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2015, I served the following document on counsel via electronic notice and/or certified mail, return receipt requested:

Eric Quiroz
Speights & Worrich
1350 North Loop 1604 E., Suite 104
San Antonio, Texas 78232
Email: eric@speightsfirm.com
(210) 495-6789 (Telephone)
(210 495-6790 (Facsimile)

*Attorney for Plaintiff*

 /s/ Vanessa Rosa
Vanessa Rosa